**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDWARD ELRY MORRISON ) | 3:07-cv-00248-BES-VPC |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| JIM BENEDETTI, *et al.*, ) | |
| ) | August 27, 2008 |
| Defendants. ) | |

This Report and Recommendation is made to the Honorable Brian E. Sandoval, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (#12). Plaintiff opposed (#14) and defendants replied (#15). For the reasons stated below, the court recommends that defendants' motion (#12) be granted.

**I. HISTORY AND PROCEDURAL BACKGROUND**

Plaintiff Edward Elry Morrison ("plaintiff"), a *pro se* prisoner, is currently incarcerated by the Nevada Department of Corrections ("NDOC") at Northern Nevada Correctional Center ("NNCC") (#1 and #11). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his Fourteenth Amendment Procedural Due Process rights (#11). Plaintiff names as defendants Jim Benedetti, NNCC Warden, in his individual and official capacity; Howard Skolnik, NDOC Director, in his official capacity; and the State of Nevada. *Id.*

In count I, plaintiff alleges that defendants Benedetti, Skolnik, and the State of Nevada issued and enforced a new policy, as of May 18, 2007, which forbids all inmates from possessing personal typewriters. *Id*. The policy required inmates, including plaintiff, to turn over their personal typewriters, which could either be mailed home at the inmate's expense, donated to charity, or destroyed. *Id*. Plaintiff alleges that this policy and its enforcement deprived him of his possessory interest in his typewriter without due process of law. *Id*.

The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff

appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Motion to dismiss for failure to state a claim

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). For the movant to succeed, it must appear to a certainty that plaintiff will not be entitled to relief under the facts alleged in the complaint. *Rothman v. Vedder Park Mgt.*, 912 F.2d 315, 316 (9th Cir. 1990). Under section 1983, plaintiff must allege that (1) defendants subjected him to the deprivation of a right, privilege or immunity guaranteed by the U.S. Constitution or federal law, and (2) that the defendants acted under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act." *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (quotations omitted).

#### 2. Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act of 1996 (the "PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2002).

Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534

U.S. 516, 524 (2002), citing *Booth*, 532 U.S. at 739-40, n.5.  Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Booth*, 532 U.S. at 741.  Recent case law demonstrates that the Supreme Court has strictly construed section 1997e(a). *Id.* at 741, n.6 ("[w]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise").

All administrative remedies must be exhausted before the action is "brought" by a prisoner.[1] In *Vaden v. Summerhill*, the Ninth Circuit adopted the Seventh Circuit rule that "an action is 'brought' for purposes of § 1997e(a) when the complaint is tendered to the district clerk." 449 F.3d 1047, 1050 (9th Cir. 2006). Additionally, the court must dismiss if exhaustion requirements are not met when the suit is brought, "even if the plaintiff exhausts his administrative remedies while the litigation is pending." *Id.*

Failure to exhaust is an affirmative defense under the PLRA rather than a jurisdictional requirement. As such, inmates are not required to specifically plead or demonstrate exhaustion in their complaints. *Jones*, 127 S.Ct. at 921. Rather, it is the defendant's responsibility to raise failure to exhaust as an affirmative defense.

### 3. NDOC Grievance Procedure

The NDOC grievance procedure is governed by A.R. 740 (#12, Ex. A). In order to exhaust available remedies, A.R. 740 requires as follows: (1) an informal review process; (2) a first level formal grievance appealing the informal grievance decision to the warden; and (3) a second level grievance, which is decided by the Assistant Director of Operations. *Id*. A.R. 740 requires NDOC officials to respond at each grievance level within a specified time period, beginning from the date of receipt of the inmate's grievance. *Id*. Inmates are given six months to file an informal grievance when the claims involve personal property damage or loss, personal injury, medical

---

[1] Plaintiff argues that the PLRA does not impose exhaustion of administrative remedies as a prerequisite to subject matter jurisdiction (#14, p. 2). However, subject matter jurisdiction is not the issue when analyzing an exhaustion defense. Indeed, the Supreme Court explicitly stated that "there is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007).

3

claims or any other torts claims. *Id*., p. 14. Plaintiff then has five days after the return of a decision based on the level of review to appeal the decision. *Id.*

**B. Analysis**

Plaintiff filed his informal grievance with NDOC on May 21, 2007, "formally expressing his disapproval" of NDOC's policy banning inmates' possession of typewriters. The prison denied this grievance on May 23, 2007 (#11, ex. A). Plaintiff then filed a complaint with the United States District Court, District of Nevada on May 25, 2007, to commence this action (#1). Then, on May 29, 2007, plaintiff filed his first level grievance with NDOC, which was subsequently denied on June 15, 2007. (#11, ex. B). In the first level grievance, plaintiff acknowledged that he had already commenced his legal action in the U.S. District Court. *Id*. Finally, plaintiff filed his second level grievance on June 19, 2007, which was again denied on July 16, 2007, thus completing the administrative review process. Plaintiff later amended his complaint on April 29, 2008.[2]

Plaintiff did not exhaust his administrative remedies until he completed the NDOC's grievance process on July 16, 2007, almost two months after he first filed his complaint with the District Court. The fact that plaintiff has now exhausted his administrative remedies is irrelevant to the determination of the motion to dismiss. As the Ninth Circuit found in *Vaden*, the court is required to dismiss an action that was brought prior to the exhaustion of administrative remedies, "even if the plaintiff exhausts his administrative remedies while the litigation is pending." 449 F.3d at 1050. The purpose of the PLRA is to allow prison officials the opportunity to resolve inmates' complaints prior to filing a federal lawsuit. Therefore, because plaintiff failed to exhaust before May 25, 2007, the date he filed his complaint, the action must be dismissed for failure to exhaust administrative remedies.

Plaintiff argues that NDOC frustrated plaintiff's administrative remedies because they did

---

[2]The court notes that although plaintiff amended his complaint on April 29, 2008, well after he exhausted his administrative remedies, his original complaint was filed before he exhausted. For purposes of § 1997e(a), a claim is brought when the complaint is first "tendered to the district clerk." *See Vaden v. Summerhill*, 449 F.3d at 1050. Thus, here, the claim was brought on May 25, 2007, the date it was first filed with the district clerk.

4

not account for his medical condition, which makes it difficult for him to handwrite (#14, p. 4). However, this argument is not relevant and is belied by the fact that plaintiff was eventually able to exhaust, in spite of any difficulties imposed by defendant. Therefore plaintiff could have exhausted prior to filing this action. The court notes that notwithstanding this order, plaintiff has now exhausted his administrative remedies.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff failed to exhaust his administrative remedies prior to filing his complaint. As such, the court concludes that defendants' motion to dismiss (#12) be **GRANTED** and the action be dismissed without prejudice.[3]

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///
///
///
///
///
///

---

[3] In his opposition to defendants' motion to dismiss, plaintiff additionally argues that a motion to dismiss may not be submitted in lieu of an answer. The court disagrees. A motion to dismiss is appropriate here and the court does not further address this argument. Fed. R. Civ. P. 12(b).

5

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#12) be **GRANTED** and the action be dismissed without prejudice.

**DATED:** August 27, 2008.

_____
**UNITED STATES MAGISTRATE JUDGE**